[PHILADELPHIA, APRIL 3D, 1841.]

## Case of the STATE ROAD from Howell's Mills.

### CERTIORARI.

Where a petition for a road was missing, and there was no minute in the clerk's book, either of the presentation of the petition or of the appointment of viewers, and a new petition was prepared, and a certificate was signed by two of the associate judges during vacation, setting forth, that at the preceding term they had appointed H. S. &c. viewers; to which they added, "and being informed that the petition was mislaid, we hereby authorise you to make out an order for the purpose," whereupon an order was made out by the clerk, and the viewers made the report; this court quashed the proceedings.

CERTIORARI to the Quarter Sessions of Monroe County, to remove the record of the proceedings in the matter of the State Road from Howell's Mills, by way of Stroudsburg to Conyngham.

It appeared by the return that a petition for the appointment of viewers of this road was presented to the court on the 5th of February, 1839, and that six persons were appointed for the purpose. No minute of the proceedings was made, and when the clerk of the court was called upon to make out the order, he was unable to find the petition. A new petition was drawn up and signed by some of the former petitioners; and two of the associate judges in vacation, signed the following certificate.

" To John Keller, Esq., Prot'y of Monroe County.
Sir:—We certify that at the February term of our court, we appointed Henry Smith, John V. Bush, James Postens, John Overpeck, Andrew Storm, and John Boys, to review that part of the State Road from Howell's Mills to Conyngham, between Cherry Creek Bridge, at Dutotsburg and Stroudsburgh, and parts adjacent, and make return to the next court; and being informed that the petition

\
for that purpose is mislaid, we hereby authorise you to make out an · order for that purpose.

JNO. T. BELL,
JACOB BROWN.

March 18, 1839."

An order was accordingly made by the clerk of the court, and the viewers made their report; to which exceptions were filed, and on the 7th of May, 1840, the court directed the following entry to be made *nunc pro tunc.*

" That on the 5th day of February, 1839, upon the petition of sundry inhabitants, Henry Smith, Esq., John V. Bush, James Postens, John Overpeck, Andrew Storm, and John Boys, were appointed to review that part of the State Road from Howell's Mills to Conynghamtown, between Cherry Creek Bridge, at Dutotsburg, and Stroudsburgh, and adjacent, and make return to next court. Counsel for exceptants objected to said entry. Upon hearing of the cause, the report of the reviewers was confirmed by the court."

The proceedings were then removed to this court.

Mr. *Hepburn* and Mr. *Maxwell* for the appellants.

Mr. *Reeder* contra.

PER CURIAM.—The origin of the irregularity in these proceedings is the clerk's omission to state in his minute book the presentation of the original petition, with its contents, and the appointment of viewers, preparatory to the regular docket entries. Had that duty been attended to, there would have been no occasion for recurrence to the recollection of the judges for the existence of a proceeding which ought to be matter of record. There was a time, indeed, when the recording of judicial proceedings was a matter of official routine; but for some cause—possibly the want of that skill in affairs of this nature which experience alone can give—it has come to pass that many of our judicial entries are suffered to rest in memoranda endorsed on loose papers, which, by want of system in the offices occasioned by accelerated rapidity in official rotation, and by the practice of putting the originals into the hands of counsel to suit their convenience, are exposed to a fearful risk of being lost. And when a loss occurs, as it not only must, but very frequently does, how is it to be repaired? Surely not by individuals in vacation, but by the solemn act of the court on due investigation. In this instance, the subsequent petition,.with the order endorsed on it, was a fabrication; and the best thing that can be said of it, is, that it proceeded from no improper motive. Is the order of the two judges any better? Of the power of a court to replace its lost record, or supply an omission of its officer, it is unnecessary to speak. The direction to issue

an order to view, was an act done by individuals in vacation, and not an act of the court. But it wanted that foundation which could have authorised even the court to make such an order—there was no record evidence of the petition and appointment of viewers, and the want of it had not been supplied. The order to view having been unauthorised, all the proceedings are irregular.

Proceedings quashed.